NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOUTHERN NEW JERSEY BUILDING LABORERS' DISTRICT COUNCIL, : <br><br> Petitioner, : <br><br> v. : <br><br> GMAC CONSTRUCTION, INC., : <br><br> Respondent. : | Hon. Joseph H. Rodriguez <br><br> Civil Action No. 08-2896 <br><br> MEMORANDUM & ORDER |

Petitioner Southern New Jersey Building Laborers' District Council ("the Union") filed this Petition and Motion to Confirm an Arbitration Award against Respondent GMAC Construction, Inc. ("the Company"). For the reasons set forth below, the Motion is granted and the Award is confirmed.

The Union alleges that the Company is bound by a written collective bargaining agreement which obligates it to use Union laborers for all work covered by the agreement. Additionally, in the event they cannot be amicably settled, the agreement requires disputes between the parties to be submitted to arbitration for a final and binding resolution.

The Union alleges that the Company employed three non-union laborers to install concrete footings and slab over a four week period at a warehouse in Mercer County, New Jersey. As per the collective bargaining agreement, the case was submitted to

arbitration. After notice to the Company, an arbitration hearing was held on April 20, 2007. The Company failed to appear. Nonetheless, the arbitrator received evidence in the matter, and in a written opinion dated June 15, 2007, found that the Company had violated the collective bargaining agreement by using the three non-union laborers. The arbitrator therefore found in favor of the Union and against the Company in the amount of $19,905.60.

The Union has now come before this Court because the Company has failed to comply with the arbitrator's Award and Order. This Court has jurisdiction over this matter under 9 U.S.C. § 9 and 29 U.S.C. § 185.

A court must grant a motion to confirm an arbitration award unless it is vacated, modified, or corrected. See U.S.C. § 9. Thus, courts play a very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement. Mutual Fire, Marine, & Inland Ins. Co. v. Norad Reinsurance Co., Ltd., 868 F.2d 52, 56 (3d Cir. 1989) (citing Swift Indus. v. Botany Indus., 466 F.2d 1125, 1130 (3d Cir. 1972)); United Paperworks Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). A court does not review an arbitrator's award for legal error. Exxon Shipping Co v. Exxon Seaman's Union, 73 F.3d 1287, 1295 (3d Cir. 1996) ("Exxon III"). Indeed, the courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misrepresentation of the contract." Misco, 484 U.S. at 36. This follows from the fact that the arbitrator's judgment was

bargained for by the parties. United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564, 568 (1960). "When the parties include an arbitration clause in their collective-bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, 461 U.S. 757, 764 (1983). "Full-blown judicial review of labor arbitrators' decisions would annul the bargain of the parties for an arbitrator's construction of their [CBA]" and replace it with the court's construction. CITGO Asphalt Ref. Co v. Paper, Allied-Indus., Chem. & Energy Worker's Int'l Union Local 2-991, 385 F.3d 809, 815 (3d Cir. 2004) (alteration in original) (citations omitted).

The terms of an arbitration award "will not be subject to judicial review unless they are 'completely irrational'" Mutual Fire, 868 F.2d at 56 (citations omitted), and only where there was a "manifest disregard" of the law, Swift, 466 F.2d at 1130 (citations omitted). Courts "ask merely whether the parties to the collective bargaining agreement got what they bargained for, namely an arbitrator who would first provide an interpretation of the contract that was rationally based on the language of the agreement, and second would produce a rational award." Brentwood Medical Assocs. v. United Mine Workers of Am., 396 F.3d 237, 242 (3d Cir. 2005).

In this case, no motion has been made to vacate or modify the Arbitration Award. Indeed, the Company has not filed any response to the June 11, 2008 Petition to Confirm the Arbitration Award. Thus, there is no indication that the award is "completely

irrational." Moreover, the Court has reviewed the papers submitted in support of the Union's Motion and Petition, and it appears that good cause exists for confirmation of the Arbitration Award.

Accordingly, IT IS ORDERED on this 24th day of July 2008, that the Arbitration Award set forth in the arbitrator's Award and Order dated June 15, 2007 and captioned as In the Matter of Arbitration Between GMAC Construction Inc. and Southern NJ Building Laborers' District Council be, and it hereby is, CONFIRMED. The Union's Motion [2] is GRANTED. The Court will enter the judgment submitted by the Union.

Joseph H. Rodriguez
United States District Judge